**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| SHAUNI KERKHOFF, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:26-cv-01078 |
| BLAZE MEDIA LLC; | ) | |
| STEPHEN M. BAKER; JOSEPH M. | ) | |
| HANNEMAN; and VERITAS REGNAT | ) | |
| LLC. | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## PLAINTIFF'S NOTICE OF INTENT TO CROSS-EXAMINE DEFENDANT STEPHEN M. BAKER

**PLEASE TAKE NOTICE** that Plaintiff Shauni Kerkhoff, by and through her undersigned counsel, hereby gives notice of her intent to cross-examine Defendant Stephen M. Baker at the hearing on Defendants' Motion to Set Aside Entry of Default (Dkt. 35), currently scheduled for July 17, 2026 at 10:00 a.m. (Dkt. 43).

"When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." Fed. R. Civ. P. 43(c). Defendants' Motion (Dkt. 35) and supporting Memorandum (Dkt. 36) depend on facts outside the record—including Baker's account of his communications with Blaze Media and his stated reasons for defaulting. (Dkt. 41 ¶¶ 5–11). Baker's Declaration is rife with hearsay and has not been pressure-tested through cross examination, making testimony in the form of cross-examination not just proper, but necessary.

Because "self-serving opinions without objective corroboration [are] not significantly probative," it is proper for the court to strike statements in declaration found to be "hearsay,

1

irrelevant, or conclusory." *See Evans v. Techs. App. & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). Virtually every material assertion in Baker's Declaration is self-serving hearsay. For example, Baker asserts that he "communicated with Blaze Media about securing representation for me in this action" (Dkt. 41 ¶ 7), "was told that Blaze Media intended to arrange for counsel on my behalf (*Id.*), and "followed up with Blaze Media . . . on multiple occasions regarding the status of the representation" (*Id.* ¶ 8). These assertions should be stricken and the matter should be heard on oral testimony, in the form of cross-examination, instead.

In addition, "[w]here factual questions not readily ascertainable from the declarations of witnesses or questions of credibility predominate, the district court should hear oral testimony." *United Comm. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992). Here, as described at length in Plaintiff's Opposition brief, the hearsay assertions in Baker's Declaration are directly contradicted by his conduct, including his social media statements concerning his attitude toward this Court and its process (Opp'n. at 10) and reasons for delay, (*Id.* at 10-13), his apparent early agreement with Blaze Media concerning his defense, (*Id.* at 12), and his fundraising activities (*Id.* at 13). These contradictions raise factual questions that are not ascertainable from Baker's Declaration, and they raise questions about Baker's credibility. These questions predominate—indeed, they undergird every one of Defendants' core arguments for setting aside entry of default. This makes cross-examination all the more necessary.

Plaintiff thus intends to cross-examine Baker on the matters set forth in his Declaration and on other matters relevant to the Motion. Baker should appear in person at the above-referenced hearing to be available for cross-examination.

Dated: June 29, 2026

Respectfully submitted,

*/s/ Thomas A. Clare, P.C.*
Thomas A. Clare, P.C. (VSB No. 39299)
Camilla J. Hundley (VSB No. 100257)
Jonathan R. Kaiman (VSB No. 99412)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Tel: (202) 628-7400
Email: tom@clarelocke.com
Email: camilla@clarelocke.com
Email: jon.kaiman@clarelocke.com

*Attorneys for Plaintiff Shauni Kerkhoff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Intent to Cross-Examine Defendant Stephen M. Baker was served on all counsel of record by e-filing it using the Court's CM/ECF system on June 29, 2026.

/s/ *Thomas A. Clare, P.C.*
Thomas A. Clare, P.C