## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **SHAUNI KERKHOFF**, <br><br>      *Plaintiff,* <br><br>   v. <br><br> **BLAZE MEDIA LLC**, a Delaware limited liability company; **STEPHEN M. BAKER**, an individual; **JOSEPH M. HANNEMAN**, an individual; and **VERITAS REGNAT LLC**, a Wisconsin limited liability company, <br><br>     *Blaze Media.* | Civil Action No. 1:26-cv-01078-RDA-WEF |

## DEFENDANT BLAZE MEDIA LLC'S MEMORANDUM IN SUPPORT
## OF ANTI-SLAPP MOTION FOR ATTORNEYS' FEES AND COSTS

### INTRODUCTION

This lawsuit falls directly within the purview of the Commonwealth's anti-SLAPP statute.

For the reasons set forth in Defendant Blaze Media LLC's ("Blaze Media") accompanying motion to dismiss, Plaintiff Shauni Kerkhoff has failed to allege plausibly that Blaze Media's reporting was published with actual malice, or that the Complaint's defamation by implication claim satisfies the requirements of Virginia law. Plaintiff has thus failed to overcome the Commonwealth's anti-SLAPP statute, Va. Code § 8.01-223.2, and this Court should award reasonable attorneys' fees and costs to Blaze Media.

### ARGUMENT

The Court should award Blaze Media attorneys' fees because Plaintiff has failed to allege plausibly that Blaze Media published the challenged news reports with actual malice.

Virginia's revised anti-SLAPP statute ensures immunity from civil liability for publications regarding "matters of public concern that would be protected under the First Amendment." Va. Code Ann. 8.01-223.2(A) (2025) That law requires a plaintiff like Ms. Kerkhoff, who asserts defamation claims based on news reports addressing a matter of public concern, to plead and prove actual malice. *Compare New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964) *with* Va. Code Ann. 8.01-223.2(B) (2025) ("The immunity provided by this section shall not apply to any statements that the declarant knew or should have known were false or were made with reckless disregard for whether they were false."). "Establishing actual malice is no easy task, because the defamation plaintiff bears the burden of proof by clear and convincing evidence." *CACI Premier Tech., Inc. v. Rhodes*, 536 F.3d 280, 293 (4th Cir. 2008); *Earley v. GateHouse Media Pa. Holdings, Inc.*, 3:12-cv-1886, 2013 WL 5466149, *6 (M.D. Pa. Sept. 30, 2013) ("In the wake of *Iqbal* and *Twombly*, adequately pleading actual malice is an onerous task."). "[I]n cases where a defamation claim requires a showing of actual malice, courts in the Eastern District of Virginia have found that 'conclusory allegations regarding the [defendant's] intent . . . are insufficient.'" *Hanks v. WAVY Broad., LLC*, No. 2:11-cv-439, 2012 WL 405065, *12 (E.D. Va. Feb. 8, 2012) (citation omitted). Where a plaintiff falls short of this rigorous standard, the prevailing defendant may be awarded reasonable attorney's fees and costs. Va. Code Ann. 8.01-223.2(B) (2025).

As this Court has made unmistakably clear, a defamation plaintiff is obligated to adequately plead actual malice with respect to "*each statement* [s]he claims is actionable." *McCullough v. Gannett Co.*, 2023 U.S. Dis. LEXIS 72291, *35 (E.D. Va. Apr. 25, 2023) (Alston, J.) (emphasis supplied); *see also id.* at *36 ("the Court addresses whether each fact that Plaintiff

2

claims is indicative of actual malice adequately pleads actual malice for each statement that the Court has held are actionable").

Flouting this principle, the Complaint lumps together allegations that are untethered from any specific statement and that themselves do not individually amount to knowledge of probable falsity, repeating the same nine claims of actual malice for all six defamation counts against four defendants — where each count in turn challenges multiple statements in a distinct publication. (Compl. ¶¶ 331, 349, 367, 386, 404, 422). Exactly this type of indiscriminate pleading was rejected by this Court in *Fairfax v. CBS Corp.*, 534 F.Supp.3d 581, 595 (E.D. Va. 2020) (granting motion to dismiss where the complaint contained seven distinct sets of allegations purporting to show actual malice), *aff'd*, 2 F.4th 286 (4th Cir. 2021).

There is more — the facts alleged in the Complaint demonstrate the opposite of actual malice. Stripped of their surplusage, they show that Blaze Media sincerely believed in and diligently investigated its reporting, including by taking the following measures:

- Vetting its gait analysis by sharing it with multiple sources in the government *before* publishing;

- Waiting to learn that government officials effectively validated the gait analysis by acting on it;

- Repeatedly updating the story as new information came to light; and

- Ultimately retracting the story entirely when a different suspect was arrested and charged for the pipe-bombs incident.

Plaintiff has therefore failed to allege plausibly that the news reports she challenges were published with actual malice. Having failed to "nudge [her] claims across the line from conceivable to plausible," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), Plaintiff has not overcome the anti-SLAPP statute, thus warranting fee-shifting. Va. Code Ann. 8.01-223.2(C) (2025). If ever there were a matter deserving unfettered debate, it is the federal law investigation

3

into who was responsible for planting the pipe bombs outside the respective headquarters of the Democratic and Republican National Committees on the evening preceding the January 6, 2021, attack on our nation's Capitol.  Reporting on such matters "embodies our profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open."  *Besen v. Parents & Friends of Ex-Gays, Inc.*, 2012 WL 1440183, at *3 (E.D. Va. Apr. 25, 2012) (quoting *Sullivan*, 376 U.S. at 270)).

Plaintiff's defamation suit therefore deserves heightened scrutiny because it presses claims that estop important public debate.

> The First Amendment's press and speech clauses greatly restrict the common law [of libel] where the defendant is a member of the press, the plaintiff is a public figure, or the subject matter of the supposed libel touches on a matter of public concern.  Where, as here, all of these considerations are present, the constitutional protection of the press reaches its apogee.

*Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1091-92 (4th Cir. 1993).  This is especially true where the debate implicates controversies which "must be settled by the methods of science rather than by the methods of litigation." *Underwager v. Salter*, 22 F.3d 730, 736 (7th Cir. 1994); *see also Arthur v. Offit*, No. 09-cv-1398, 2010 WL 883745, *6 (E.D. Va. March 10, 2010) ("These, however, are academic questions that are not the sort of thing that courts or juries resolve in the context of a defamation action").

The debate over the forensic utility of gait analysis is no exception. Although the Complaint disputes at length the reliability of gait analysis as a law enforcement investigative tool (*see* Compl. ¶¶ 102-110), it acknowledges that Blaze Media's November 5 Article "linked to two research articles regarding gait analysis: one published by PeerJ Computer Science, and one published by the American Bar Association." (*Id*. ¶ 104; footnotes omitted)  These hyperlinks "instantaneously permit[] the reader to verify an electronic article's claims." *Adelson v. Harris*, 973 F.Supp.2d 467, 484 (S.D.N.Y. 2013) ("The hyperlink is the twenty-first century equivalent of the footnote for

purposes of attribution in defamation law.").  These same research articles are the sources Plaintiff

relies on to question "the reliability of gait analysis as a method of suspect identification."  (Compl.

¶ 104)  Contrary to the Complaint's allegations, however, the publication of these research studies

through hyperlinks demonstrates that (1) Blaze Media researched the November 5 Article, and (2)

the allegations of actual malice are implausible because — according to Plaintiff — Blaze Media

made available to readers hyperlinks undercutting its own reporting.  This is the opposite of actual

malice.  *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016) ("reporting perspectives

contrary to the publisher's own should be interpreted as helping to rebut, not establish, the presence

of actual malice").

Finally, Plaintiff's claim that Blaze Media did not issue a retraction distorts reality and cannot

give rise to a defamation by implication claim.

In concert, these considerations — a blunderbuss Complaint devoid of specific factual alle-

gations tying Plaintiff's actual malice claims to specific statements in the challenged publications,

arising from Blaze Media's news reporting on a matter of grave public import protected at the core

of the First Amendment — compel fee-shifting.

## CONCLUSION

For the foregoing reasons, the Court should grant Blaze Media's anti-SLAPP motion for

attorneys' fees.

Dated: July 9, 2026
      Washington, D.C.        Respectfully submitted,

          By: /s/*Matthew Piscitelli*
          Matthew Piscitelli (VSB No. 92464)
          FOLEY HOAG LLP
          1717 K Street NW
          Washington, DC 20006
          (202) 223-1200
          MPiscitelli@foleyhoag.com

Michael J. Grygiel (*pro hac vice*)
Kelly L. McNamee (*pro hac vice*)
Amanda S. Coleman (*pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
(212) 812-0400
MGrygiel@FoleyHoag.com
KMcNamee@FoleyHoag.com
AColeman@FoleyHoag.com

Patrick F. Philbin (*pro hac vice application forthcoming*)
Kyle T. West (*pro hac vice application forthcoming*)
TORRIDON LAW PLLC
801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900
pphilbin@torridonlaw.com
kwest@torridonlaw.com

*Counsel for Defendant Blaze Media LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that, on July 9, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record.


*/s/ Matthew Piscitelli*
Matthew Piscitelli (VSB No. 92464)

7