**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| SHAUNI KERKHOFF, <br><br> Plaintiff, <br><br> v. <br><br> BLAZE MEDIA LLC; <br> STEPHEN M. BAKER; JOSEPH M. HANNEMAN; <br> and VERITAS REGNAT LLC. <br><br> Defendants. | Civil Action No. 1:26-cv-01078 |

**JOINT STIPULATION AND [PROPOSED] ORDER RESOLVING DEFENDANTS
STEPHEN M. BAKER, JOSEPH M. HANNEMAN, AND VERITAS REGNAT LLC'S
MOTION TO SET ASIDE ENTRY OF DEFAULT**

Plaintiff Shauni Kerkhoff and Defendants Stephen M. Baker, Joseph M. Hanneman, and

Veritas Regnat LLC (together, the "Parties"), by and through their undersigned counsel, hereby

stipulate and agree as follows:

WHEREAS, on April 21, 2026, Plaintiff Shauni Kerkhoff ("Plaintiff") filed her Complaint

in this action (Dkt. 1);

WHEREAS, Defendant Stephen M. Baker was served with the Summons and Complaint

on April 22, 2026 (Dkt. 9), making his responsive pleading due on May 13, 2026;

WHEREAS, Defendants Joseph M. Hanneman and Veritas Regnat LLC were each served

with the Summons and Complaint on April 25, 2026 (Dkts. 10, 11), making their responsive

pleadings due on May 18, 2026;

WHEREAS, Defendants Baker, Hanneman, and Veritas Regnat LLC (collectively,

"Defendants") did not answer or otherwise respond to the Complaint by their respective deadlines,

1

and, upon Plaintiff's requests (Dkts. 12, 17, 18), the Clerk entered default against each of them on May 21, 2026 (Dkts. 21, 22, 23) (the "Entries of Default"), and the Court directed Plaintiff to file a motion for default judgment against them (Dkt. 20).

WHEREAS, on June 15, 2026, Defendants moved to set aside the Entries of Default pursuant to Federal Rule of Civil Procedure 55(c) (Dkt. 35) (the "Motion"), and on June 17, 2026, filed supporting Declarations of Stephen M. Baker (Dkt. 41) and Joseph M. Hanneman (Dkt. 42).

WHEREAS, on June 29, 2026, Plaintiff filed her opposition to the Motion (Dkt. 44) (the "Opposition"), accompanied by a Declaration of Camilla J. Hundley and exhibits thereto (Dkt. 45);

WHEREAS, the Parties, through counsel, have met and conferred and reached an agreement ("Agreement") resolving the Motion and the Opposition;

**NOW, THEREFORE,** in consideration of the Agreement, the Parties stipulate and agree, subject to the approval of the Court, as follows:

1. **Service of Process.** Each Defendant acknowledges that he or it was properly and validly served with the Summons and Complaint in this action—Defendant Baker on April 22, 2026 (Dkt. 9), and Defendants Hanneman and Veritas Regnat LLC on April 25, 2026 (Dkts. 10, 11)—and each Defendant waives any defense or objection based on the sufficiency of process or service of process.

2. **Default.** Each Defendant acknowledges that the Entries of Default were properly entered pursuant to Federal Rule of Civil Procedure 55(a).

3. **Payment.** In consideration of the Agreement, Defendants Baker and Hanneman have agreed to pay a portion of Plaintiff's attorneys' fees and costs incurred as a result of their default.

4. **<u>Withdrawal of Opposition.</u>** Plaintiff withdraws the Opposition and consents to the setting aside of the Entries of Default. Plaintiff welcomes the resolution of her claims on the merits.

5. **<u>Preservation of the Record.</u>** Plaintiff's withdrawal of the Opposition operates solely as a withdrawal of her request that the Court deny the Motion; it is not a withdrawal, retraction, or striking of any filing from the record. The Motion, the Opposition, and all briefing, declarations, exhibits, and other evidence filed in connection with them, including the Declarations of Stephen M. Baker (Dkt. 41) and Joseph M. Hanneman (Dkt. 42) and the Declaration of Camilla J. Hundley (Dkt. 44) and exhibits thereto (Dkt. 45), shall remain a part of the record in this action, and any Party may rely on, cite, or otherwise use those materials for any purpose in this action to the extent permitted by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

6. **<u>Joint Request.</u>** The Parties jointly and respectfully request that the Court enter an Order (i) setting aside the Entries of Default (Dkts. 21, 22, 23), and (ii) directing Defendants to answer or otherwise respond to the Complaint within fourteen (14) days of entry of that Order.

7. **<u>No Admission; Reservation of Rights.</u>** Except as expressly set forth herein, nothing in this Stipulation constitutes an admission by any Party with respect to the merits of any claim or defense in this action, and all such claims and defenses are expressly reserved.

Dated: July 10, 2026

Respectfully submitted,

<div style="display:flex">

<div>

*/s/ Jonathan R. Kaiman*

Thomas A. Clare, P.C. (VSB No. 39299)
Camilla J. Hundley (VSB No. 100257)
Jonathan R. Kaiman (VSB No. 99412)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Tel: (202) 628-7400
Email: tom@clarelocke.com
Email: camilla@clarelocke.com
Email: jon.kaiman@clarelocke.com

*Attorneys for Plaintiff Shauni Kerkhoff*

</div>

<div>

*/s/ Andrew T. George*

Andrew T. George (VSB No. 88389)
BOURELLY, GEORGE + BRODEY PLLC
1050 30th Street NW
Washington, D.C. 20007
Tel: (202) 341-8805
Fax: (845) 633-4240
Email: andrew.george@bgblawyers.com

*/s/ Zachary C. Lawson*

J. Alex Little (pro hac vice)
Zachary C. Lawson (pro hac vice)
John R. Glover (pro hac vice)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Tel: (615) 985-8205
Email: alex@litson.co
Email: zack@litson.co
Email: jr@litson.co

*Attorneys for Defendants Stephen M. Baker, Joseph M. Hanneman, and Veritas Regnat LLC*

</div>

</div>