**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

SHAUNI KERKHOFF,                          )
                                          )
    Plaintiff,                            )
                                          )
                                          )
v.                                        )
                                          )
                                          )   Case No. 1:26-cv-01078-RDA-WEF
BLAZE MEDIA LLC, a Delaware limited       )
liability company, STEPHEN M. BAKER, an   )
individual, JOSEPH M. HANNEMAN, an        )
individual; and VERITAS REGNAT LLC, a     )
Wisconsin limited liability company.      )
                                          )
    Defendants.                           )
                                          )

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS STEPHEN M. BAKER,
JOSEPH M. HANNEMAN, AND VERITAS REGNAT LLC'S ANTI-SLAPP MOTION
FOR ATTORNEYS' FEES AND COSTS**</u>

J. Alex Little (*pro hac vice*)
Zachary C. Lawson (*pro hac vice*)
John R. Glover (*pro hac vice*)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
(615) 985-8205
alex@litson.co
zack@litson.co
jr@litson.co

Andrew T. George (VA Bar No. 88389)
BOURELLY, GEORGE + BRODEY PLLC
1050 30th Street NW
Washington, D.C. 20007
(202) 341-8805
andrew.george@bgblawyers.com

*Attorneys for Defendants Stephen M. Baker,
Joseph M. Hanneman, and Veritas Regnat LLC*

**INTRODUCTION**

Virginia's anti-SLAPP statute was enacted to deter against a public official's defamation action targeting reporting on a matter of public concern. That describes the reporting at issue in this case. Defendants Stephen M. Baker, Joseph M. Hanneman, and Veritas Regnat LLC reported on the hotly debated issue of the attempted bombing of both major political parties' headquarters and the five-year federal investigation that followed. Va. Code § 8.01-223.2(A) immunizes Defendants from Plaintiff Shauni Kerkhoff's claims, and § 8.01-223.2(C) entitles them to the reasonable attorneys' fees and costs they incurred defeating those claims.

Plaintiff cannot overcome that immunity, for the reasons set out in these Defendants' accompanying motion to dismiss. She has not plausibly alleged that Baker or Hanneman published a single challenged statement with actual malice. Her own Complaint describes a four-year investigation, a commissioned forensic gait analysis that returned a 94% match, confirmation of those results by multiple independent sources, and a briefing to the Office of the Director of National Intelligence weeks before a word was published. Defendants' reporting bore the hallmarks of careful journalism, not reckless disregard for the truth. Nor has Plaintiff satisfied Virginia's demanding requirements for defamation by implication. And her claims against Veritas Regnat fail at the threshold because that entity did not exist when the November 2025 statements were published and played no role in the April 4, 2026 post. It cannot be liable for statements it never made.

These Defendants adopt and incorporate by reference the arguments in Blaze Media LLC's memorandum in support of its anti-SLAPP motion for attorneys' fees and costs (Dkt. 64) and in these Defendants' accompanying memorandum in support of their motion to dismiss. This memorandum addresses only what is distinct to Baker, Hanneman, and Veritas Regnat. Because

1

Plaintiff cannot overcome the statutory immunity, the Court should award these Defendants their reasonable attorneys' fees and costs.

## ARGUMENT

**I.     Attorneys' Fees Should Be Awarded Because Plaintiff Has Not Plausibly Alleged That Defendants Published Any Statement with Actual Malice.**

Virginia law immunizes from tort liability any person whose alleged tort "is based solely on statements . . . regarding matters of public concern that would be protected under the First Amendment . . . that are communicated to a third party." Va. Code § 8.01-223.2(A). That immunity yields only for statements the declarant "knew or should have known were false or . . . made with reckless disregard for whether they were false." Va. Code § 8.01-223.2(B). And where a defendant prevails on the immunity, the statute authorizes an award of "reasonable attorney fees and costs." Va. Code § 8.01-223.2(C). The statute applies in this Court. *Fairfax v. CBS Corp.*, 2 F.4th 286, 296 (4th Cir. 2021). The November 2025 reporting satisfies those threshold requirements: it addressed the yearslong public debate surrounding the attempted bombing at the headquarters of both major political parties and the five-year federal investigation that followed, and it was published to the public at large. (Dkt. 70 ¶¶ 8, 34–35.) The only question is whether Plaintiff has pleaded facts triggering the exception in subsection (B). She has not.

The pleading burden Plaintiff had to carry was a demanding one. Because she is a public official suing over statements about her official conduct, she had to allege facts plausibly showing that each Defendant published each challenged statement knowing it was false or with "a high degree of awareness of . . . probable falsity." *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 714 (4th Cir. 1991). Conclusory allegations about a defendant's state of mind will not do. *Hanks v. WAVY Broad., LLC*, No. 2:11-cv-439, 2012 WL 405065, at *12 (E.D. Va. Feb. 8, 2012) (citing

2

*Zhang v. Regan*, No. 1:10-cv-1329, 2011 WL 1456188, at *8 (E.D. Va. Apr. 14, 2011); *Echtenkamp v. Loudoun Cnty. Pub. Schs.*, 263 F. Supp. 2d 1043, 1062 (E.D. Va. 2003)).

Nor may actual malice be pleaded wholesale. A defamation plaintiff must plead it with respect to "each statement" she contends is actionable. *McCullough v. Gannett*, Co., No. 122CV1099RDALRV, 2023 WL 3075940 at *6 (E.D. Va. Apr. 25, 2023). The Complaint does the opposite. It recites the same nine actual-malice theories, in materially identical language, across four counts, against every Defendant, and as to more than a dozen statements in four publications, two made at Blaze Media in November 2025, two in April 2026 after both reporters had left. (Dkt. 70 ¶¶ 364, 382, 419, 437.) That approach cannot satisfy the statute. *See Fairfax v. CBS Corp.*, 534 F. Supp. 3d 581, 595 (E.D. Va. 2020), *aff'd*, 2 F.4th 286 (4th Cir. 2021).

Worse for Plaintiff, the facts she pleads affirmatively negate malice. Baker and Hanneman investigated the pipe-bomb case for four years. (Dkt. 70 ¶¶ 79, 84–85, 99, 152–59.) Rather than rely on their own impressions of surveillance footage, they commissioned a forensic gait analysis, which returned a 94% match. (*Id.* ¶¶ 144–45, 152.) They submitted the results to "several current intelligence sources" and "two other sources familiar with gait analysis," each of whom confirmed the findings. (*Id.* ¶¶ 2, 159.) Baker carried the analysis to the Office of the Director of National Intelligence weeks before a word was published, and ODNI personnel prepared a memorandum that circulated to the White House and senior CIA staff. (*Id.* ¶¶ 124–28, 202.) Based on the information provided, the FBI interviewed Plaintiff, searched her home, car, and phone, and administered a polygraph. (*Id.* ¶¶ 5, 130–36.) The reporting was updated as new information emerged. (*Id.* ¶¶ 204–09.) Reporters who entertain serious doubts about a story do not hand it to the intelligence community for vetting and then wait.

3

II.    **The April 2026 Statements Are True, Unchallenged, or Protected Opinion, and Were Made in Direct Response to Plaintiff's Own Counsel.**

Counts Five and Six make the case for fee-shifting plainer still. The statements they challenge address the same matter of public concern as the November reporting, the government's pipe-bomb investigation and the controversy the reporting itself generated, and so fall within § 8.01-223.2(A). *See Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993) (where the plaintiff is a public official and the subject is a matter of public concern, "the constitutional protection of the press reaches its apogee"). Both counts challenge statements Baker and Hanneman made after leaving Blaze Media, and both were published in direct response to a letter from Plaintiff's counsel asserting, as fact, that Plaintiff's 2015 injury left her with no discernible limp, that she "has fully recovered," and that she "has run multiple marathons." (Dkt. 70 ¶¶ 322, 317 & Ex. E.) The April 4 Post and the April 6 Blog answered that assertion by publishing the video itself, which shows "hours of video" of Plaintiff's "circumduction gait," and by repeating a contemporaneous remark from a former FBI congressional liaison. (*Id.* ¶¶ 248, 413–14; Exs. E, G.)

The Complaint does not allege that the videos are fabricated, that they do not depict Plaintiff, that she never ran a marathon, that no gait experts were actually consulted, or that the quoted remark was never made. It disputes what the footage *proves*, arguing that Plaintiff appears in it "in full duty gear" carrying equipment that "affected her gait." (*Id.* ¶¶ 249, 259.) And it affirmatively credits her "impressive marathon history." (*Id.* ¶ 253.) There can be no "reckless disregard" for anything when the truth of a statement is unchallenged. And characterizations of footage published alongside the footage itself, so that readers may judge for themselves, are not actionable assertions of fact.

Hanneman's alleged role in Count Five is narrower yet: he pressed "repost" on a third party's post that had quoted Baker. (*Id.* ¶ 410 & Ex. F.) The Complaint does not allege that he

4

authored, edited, or added a single word. That conduct cannot constitute publication with actual malice. Section 230 independently bars the claim, 47 U.S.C. § 230(c)(1), but the anti-SLAPP immunity disposes of Count Five on its own terms, and a disposition on that alternative ground would neither moot the statutory defense nor displace the Court's discretion to award fees. *See Harless v. Nicely*, 80 Va. App. 678, 692-93 (2024).

### III.   Veritas Regnat Is Entitled to Attorneys' Fees.

Count Three is based solely on the November 8, 2025 statements—reporting on a matter of public concern. It therefore falls within § 8.01-223.2(A). Plaintiff pleads nothing that could strip that immunity as to Veritas Regnat because Veritas Regnat did not exist on November 8, 2025. Baker and Hanneman organized the company in Wisconsin in or about April 2026, after leaving Blaze Media. (Dkt. 70 ¶¶ 19, 258.) An entity that does not exist cannot publish a statement, and it cannot entertain doubts about reporting that predates its formation by five months. No amendment can cure that defect. Nor did Veritas Regnat have any role in the April 4 Post; the Complaint does not allege otherwise. (*Id*. ¶¶ 410–11.) Its only remaining connection to this case is that the April 6 Blog appeared on a WordPress site it operates, a post protected for the reasons stated above. Having been haled into a Virginia federal court to answer for speech it did not make, Veritas Regnat is entitled to its fees and costs.

### IV.   The Court Should Award Fees and Set a Schedule for Determining the Amount.

Section 8.01-223.2(C) commits the award of fees and costs to the Court's discretion, and the equities favor an award. Two individual reporters and the modest venture they formed after leaving their jobs have been required to retain counsel to defend speech that the Commonwealth of Virginia has immunized, including, as to Veritas Regnat, a claim premised on a publication that predated the company's existence. Defendants request that the Court determine their entitlement

to fees and costs and permit them to submit declarations and time records establishing a reasonable amount within thirty days of its order.

## CONCLUSION

For these reasons, Defendants Stephen M. Baker, Joseph M. Hanneman, and Veritas Regnat LLC respectfully request that the Court grant their anti-SLAPP motion and award them their reasonable attorneys' fees and costs.

Dated: August 6, 2026

Respectfully submitted,

/s/ *Andrew T. George*
Andrew T. George (VA Bar No. 88389)
BOURELLY, GEORGE + BRODEY PLLC
1050 30th Street NW
Washington, D.C. 20007
Tel.: (202) 341-8805
andrew.george@bgblawyers.com

/s/ *J. Alex Little*
J. Alex Little (*pro hac vice*)
Zachary C. Lawson (*pro hac vice*)
John R. Glover (*pro hac vice*)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Tel.: (615) 985-8205
alex@litson.co
zack@litson.co
jr@litson.co

*Attorneys for Defendants Stephen M. Baker, Joseph M. Hanneman, and Veritas Regnat LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Andrew T. George*
Andrew T. George